IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 6:05-00815-HMH |
| vs. | ) | |
| | ) | |
| Nakeyo Natres Burke, | ) | **OPINION AND ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Nakeyo Natres Burke's ("Burke") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his motion, Burke alleges that his attorney was constitutionally ineffective for failing to file an appeal as requested and failing to object to the sentencing guideline calculations in the pre-sentence investigation report. (§ 2255 Mot. 5-6.)

An attorney's failure to file a direct appeal after a request from a client constitutes ineffective assistance of counsel. See United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). When a prisoner alleges that his attorney failed to file an appeal as requested, the court has the authority to vacate the sentence and immediately reimpose and reinstate the movant's judgment of conviction to allow the prisoner to appeal. See id. Therefore, the court hereby vacates Burke's sentence of conviction and immediately reinstates and reimposes Burke's conviction. The remainder of Burke's claims are dismissed without prejudice. See United States v. Killian, No. 01-7470, 2001 WL 1635590, at *1 (4th Cir. Dec. 20, 2001) (unpublished).

1

It is therefore

**ORDERED** that Burke's § 2255 motion is granted, his sentence is vacated, and his

judgment of conviction is immediately reimposed and reinstated with the date of imposition of

judgment being the filing date of this order.  It is further

**ORDERED** that the remaining claims raised in Burke's motion are dismissed without

prejudice.

**IT IS SO ORDERED.**


s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
August 1, 2007


### NOTICE OF RIGHT TO APPEAL REIMPOSED JUDGMENT OF CONVICTION

The movant is hereby notified that he has **TEN (10)** days from the filing date of this

order in which to file a notice of intent to appeal his judgment of conviction, pursuant to Rules

3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline will waive

the right to appeal.

The notice immediately below relates only to movant's right to appeal this order and

should not be confused with the ten-day period in which to file a notice of intent to appeal the

judgment of conviction.

**NOTICE OF RIGHT TO APPEAL**

The movant is hereby notified that he has the right to appeal this order within sixty

(60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate

Procedure.